1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    WILLIAM E. WILSON, JR.,

11              Plaintiff,                    No. CIV-S-08-2821 JAM GGH PS

12         vs.

13    U.S. BANK NA,

14              Defendant.                    <u>ORDER</u>

15    _____/

16              Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority

17    pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this

18    court by Local Rule 72-302(c)(21).

19              Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is

20    unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in

21    forma pauperis will be granted.  28 U.S.C. § 1915(a).

22              Determining plaintiff may proceed in forma pauperis does not complete the

23    required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at

24    any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

25    malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

26    an immune defendant.

1    A claim is frivolous if it has no arguable basis in law or fact.  Neitzke v. Williams,

2    490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson

3    v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

4    A complaint, or portion thereof, fails to state a claim if it appears beyond doubt

5    there is no set of supporting facts entitling plaintiff to relief.  Hishon v. King & Spalding, 467

6    U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

7    Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

8    this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp.

9    Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and

10   resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).

11   Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

12   520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

13   Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

14   plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before

15   dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

16   Plaintiff alleges four causes of action: that his home was foreclosed after 33 years,

17   that Solano County Court denied his request for a temporary restraining order, that he received a

18   monetary payment "unsecured" from the Bankruptcy court trustee, and that there was

19   inappropriate contact between parties and attorneys in multiple cases.  Compl. at 1.  The

20   complaint contains no federal claims, other than to state that plaintiff's "rights to a fair and just

21   Court hearing and procedures are being jeopardized along with my civil Right as a citizen."

22   Compl. at 2.

23   Federal district courts are courts of limited jurisdiction.  U.S. Const. Art. III, § 1

24   provides that the judicial power of the United States is vested in the Supreme Court, "and in such

25   inferior Courts as the Congress may from time to time ordain and establish."  Congress therefore

26   confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See

Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Since federal courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the federal courts unless proven otherwise.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376-78, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v. Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

The complaint must allege the basis for this court's jurisdiction.  A less stringent examination is afforded pro se pleadings, Haines, 404 U.S. at 520, 92 S. Ct. at 595, but simple reference to federal law does not create subject-matter jurisdiction.  Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995).  Subject-matter jurisdiction is created only by pleading a cause of action within the court's original jurisdiction.  Id.

Plaintiff is advised that if he does not intend to include a federal claim in his amended complaint, his action will be dismissed for lack of jurisdiction.

In addition to the jurisdictional problem, there are serious defects which would prevent plaintiff from proceeding with a Civil Rights action even if he could properly plead one.

First and foremost, § 1983 requires state action and the bank defendant is not a state actor.  To succeed on a § 1983 damages claim, a plaintiff must demonstrate not only the deprivation of a right secured by the Constitution or laws of the United States, but that defendant

1    acted under color of state law.  West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988).  A §

2    1983 claim can lie against a private party only when "he is a willful participant in joint action

3    with the State or its agents."  Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183 (1980).

4          Second, even if plaintiff could plead some other federal constitutional violation

5    against the bank, the aforementioned four causes of action do not appear to allege any violations

6    by U.S. Bank.  On amendment, plaintiff must show how U.S. Bank violated his federal

7    constitutional rights.

8          Finally, plaintiff references an action in Solano County Superior Court.  The

9    concern for comity and federalism require the courts to refrain from interfering in pending state

10   civil proceedings where important state interests are involved.  Huffman v. Pursue, Ltd., 420 U.S.

11   592, 95 S. Ct. 1200, 43 L.Ed.2d 482 (1975); Juidice v. Vail, 430 U.S. 327, 97 S. Ct. 1211, 51

12   L.Ed.2d 376 (1977).  This doctrine of abstention applies to state administrative proceedings

13   where there is an ongoing state judicial proceeding that implicates an important state interest and

14   that provides a full and fair opportunity to litigate a claim.  See Younger v. Harris, 401 U.S. 37,

15   91 S. Ct. 746, 27 L.Ed.2d 669 (1971); Gibson v. Berryhill, 411 U.S. 564, 576-577, 93 S. Ct.

16   2371, 2377, 60 L.Ed.2d (1973); Middlesex County Ethic Committee v. Garden State Bar Assn.,

17   457 U.S. 423, 102 S. Ct. 2515, 73 L.Ed.2d 116 (1982).  While Younger abstention typically

18   requires dismissal by the court, a stay of the proceedings is appropriate where there has been a

19   claim for damages.  Gilbertson v. Albright, 381 F.3d 965 (9th Cir. 2004).  A reading of the

20   complaint indicates that Younger abstention may be appropriate if there are any state court

21   actions currently pending.

22         Alternatively, if the state court action has terminated, it is quite possible that

23   plaintiff's allegations of errors in the state court are barred by the Rooker-Feldman doctrine

24   because they expressly entail a review of a state court's prior judgment.

25         A federal district court does not have jurisdiction to review legal errors in state

26   court decisions.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct.

1303, 1311-1312 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415, 44 S. Ct. 149, 150

(1923).  This doctrine has not aged well with time.  In recently advocating the abolishment of a

doctrine not at issue here, Justice Stevens characterized the lack of vitality in Rooker-Feldman:

> Rather than preserving whatever vitality that the "exception" has
> retained as a result of the Markham dicta, I would provide the
> creature with a decent burial in a grave adjacent to the resting place
> of the Rooker-Feldman doctrine.  See Lance v. Dennis, 546 U.S.
> 459, ----, 126 S.Ct. 1198, 1204, 163 L.Ed.2d 1059 (2006)
> (STEVENS, J., dissenting).

Marshall v, Marshall, 547 U.S. 293, 318, 126 S. Ct. 1735, 1752 (2006) (Stevens, J. dissenting).

However, while consigning Rooker-Feldman to life support, a majority of the Supreme Court has

not laid the doctrine to rest in the grave prepared by Justice Stevens:

> *Rooker-Feldman*, we explained, is a narrow doctrine, confined to
> "cases brought by state-court losers complaining of injuries caused
> by state-court judgments rendered before the district court
> proceedings commenced and inviting district court review and
> rejection of those judgments." 544 U.S., at 284, 125 S.Ct. 1517.

Lance v. Dennis, 546 U.S. 459, 464, 126 S.Ct. 1198, 1201 (2006) quoting Exxon Mobil Corp. v.

Saudi Basic Industries Corp, 544 U.S. 280, 284, 125 S.Ct. 1517 (2005).

The Ninth Circuit has also clarified the doctrine in Noel v. Hall, 341 F.3d 1148

(9th Cir.2003).  A federal plaintiff who asserts as a legal wrong an allegedly erroneous decision

by a state court, and seeks relief from a state court judgment based on that decision is barred by

Rooker-Feldman because the federal court lacks subject matter jurisdiction.  Id. at 1164.  If, on

the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by

an adverse party, Rooker-Feldman does not bar jurisdiction.  Id.  But even if a federal plaintiff is

expressly seeking to set aside a state court judgment, Rooker-Feldman does not apply unless a

legal error by the state court is the basis for that relief.  See Kougasian v. TMSL, Inc., 359 F.3d

1136, 1140 (9th Cir. 2004).

Plaintiff is warned that if he proceeds with this action, it is possible that Rooker-

Feldman may require its dismissal.

1         If, despite all the aforementioned defects, plaintiff intends to amend his complaint,

2    he must conform with the following pleading requirements.  Fed. R. Civ. P. 8 sets forth general

3    rules of notice pleading in the Federal Courts. <u>See</u> <u>Swierkiewicz v. Sorema</u>, 534 U.S. 506, 122

4    S.Ct. 992 (2002).  Complaints are required to set forth (1) the grounds upon which the court's

5    jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and

6    (3) a demand for the relief plaintiff seeks.  Rule 8 requires only "sufficient allegations to put

7    defendants fairly on notice of the claims against them."  <u>McKeever v. Block</u>, 932 F.2d 795, 798

8    (9th Cir. 1991).

9         Even if the factual elements of the cause of action are present, but are scattered

10   throughout the complaint and are not organized into a "short and plain statement of the claim,"

11   dismissal for failure to satisfy Rule 8(a)(2) is proper.  <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178

12   (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and

13   *on what theory*, with enough detail to guide discovery" (emphasis added)).

14        Plaintiff is informed the court cannot refer to prior pleadings in order to make an

15   amended complaint complete.  Local Rule 15-220 requires that an amended complaint be

16   complete in itself.  This is because, as a general rule, an amended complaint supersedes the

17   original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once

18   plaintiff files an amended complaint, the original no longer serves any function in the case.

19   Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not

20   alleged in the amended complaint," <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th

21   Cir.1981), and defendants not named in an amended complaint are no longer defendants.  <u>Ferdik</u>

22   <u>v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).

23   \\\\\

24   \\\\\

25   \\\\\

26   \\\\\

Accordingly, IT IS ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis is granted;

2.  The complaint is dismissed, with leave to file an amended complaint within thirty days of this order.  PLAINTIFF IS ADVISED THAT ANY FUTURE FILINGS SHOULD REFER TO THE CIVIL CASE NUMBER STAMPED ON PAGE ONE OF THIS ORDER.

DATED: December 15, 2008

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Wilson2821.amd.wpd