IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM E. WILSON, JR.,

        Plaintiff,                      No. CIV-S-08-2821 JAM GGH PS

   vs.

U.S. BANK NA,

        Defendant.                FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        By order of December 15, 2008, plaintiff was informed of the deficiencies of his complaint and given leave to amend. Plaintiff has now filed an amended complaint.[1] The amended complaint contains many of the same deficiencies as the original complaint. Therefore, much of the previous order will be repeated here.

        The amended complaint names different defendants/actors than the original complaint, and contains four new causes of action: that defendants forced entry and removed, concealed and destroyed Government property; that defendants have still not advised him of the

---

[1] Plaintiff's declarations and exhibits, filed February 10, 2009, will not be considered as a complaint must be complete in and of itself. E.D. Local Rule 15-220.

1

location or disposition of this property, and he is required to inform the U.S. Air Force of the disposition of this government owned property; that there is a case pending in Solano County Court regarding the property; and that defendants violated an agreement to wait two weeks before removing the property to allow plaintiff time to prepare the required paper work for the military. Am. Compl. at 1-2. The amended complaint contains no federal claims.

Federal district courts are courts of limited jurisdiction. U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish." Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2. See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992). Since federal courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the federal courts unless proven otherwise. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376-78, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Statutes which regulate specific subject matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5. Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction. See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945). A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction. See Hagans v. Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

The complaint must allege the basis for this court's jurisdiction. A less stringent examination is afforded pro se pleadings, Haines, 404 U.S. at 520, 92 S. Ct. at 595, but simple reference to federal law does not create subject-matter jurisdiction. Avitts v. Amoco Prod. Co.,

53 F.3d 690, 694 (5th Cir.1995). Subject-matter jurisdiction is created only by pleading a cause of action within the court's original jurisdiction. Id.

Plaintiff was previously advised that if he did not include a federal claim in his amended complaint, his action would be dismissed for lack of jurisdiction. Plaintiff has made absolutely no reference to federal law or the constitution.

Furthermore, plaintiff references an action in Solano County Superior Court. The concern for comity and federalism require the courts to refrain from interfering in pending state civil proceedings where important state interests are involved. Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S. Ct. 1200, 43 L.Ed.2d 482 (1975); Juidice v. Vail, 430 U.S. 327, 97 S. Ct. 1211, 51 L.Ed.2d 376 (1977). This doctrine of abstention applies to state administrative proceedings where there is an ongoing state judicial proceeding that implicates an important state interest and that provides a full and fair opportunity to litigate a claim. See Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971); Gibson v. Berryhill, 411 U.S. 564, 576-577, 93 S. Ct. 2371, 2377, 60 L.Ed.2d (1973); Middlesex County Ethic Committee v. Garden State Bar Assn., 457 U.S. 423, 102 S. Ct. 2515, 73 L.Ed.2d 116 (1982). While Younger abstention typically requires dismissal by the court, a stay of the proceedings is appropriate where there has been a claim for damages. Gilbertson v. Albright, 381 F.3d 965 (9th Cir. 2004). A reading of the complaint indicates that Younger abstention may be appropriate if there are any state court actions currently pending.

Alternatively, if the state court action has terminated, it is quite possible that plaintiff's allegations of errors in the state court are barred by the Rooker-Feldman doctrine because they expressly entail a review of a state court's prior judgment.

A federal district court does not have jurisdiction to review legal errors in state court decisions. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311-1312 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415, 44 S. Ct. 149, 150 (1923). This doctrine has not aged well with time. In recently advocating the abolishment of a

doctrine not at issue here, Justice Stevens characterized the lack of vitality in Rooker-Feldman:

> Rather than preserving whatever vitality that the "exception" has retained as a result of the Markham dicta, I would provide the creature with a decent burial in a grave adjacent to the resting place of the Rooker-Feldman doctrine. See Lance v. Dennis, 546 U.S. 459, ----, 126 S.Ct. 1198, 1204, 163 L.Ed.2d 1059 (2006) (STEVENS, J., dissenting).

Marshall v, Marshall, 547 U.S. 293, 318, 126 S. Ct. 1735, 1752 (2006) (Stevens, J. dissenting). However, while consigning Rooker-Feldman to life support, a majority of the Supreme Court has not laid the doctrine to rest in the grave prepared by Justice Stevens:

> *Rooker-Feldman*, we explained, is a narrow doctrine, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S., at 284, 125 S.Ct. 1517.

Lance v. Dennis, 546 U.S. 459, 464, 126 S.Ct. 1198, 1201 (2006) quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp, 544 U.S. 280, 284, 125 S.Ct. 1517 (2005).

The Ninth Circuit has also clarified the doctrine in Noel v. Hall, 341 F.3d 1148 (9th Cir.2003). A federal plaintiff who asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision is barred by Rooker-Feldman because the federal court lacks subject matter jurisdiction. Id. at 1164. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction. Id. But even if a federal plaintiff is expressly seeking to set aside a state court judgment, Rooker-Feldman does not apply unless a legal error by the state court is the basis for that relief. See Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004).

Based on plaintiff's pleading that he is "awaiting hearing date" in his Solano Court case, this action is barred by Younger abstention. Because plaintiff was previously warned of these same deficiencies in the original screening order, he will not be permitted to amend once again.

For the reasons stated herein, IT IS RECOMMENDED that this action be dismissed with prejudice for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

DATED: April 15, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Wilson2821.fr.wpd